**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF ILLINOIS  
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-1784 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITIMORTGAGE, INC. and FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Patricia Caldwell brings this action against Defendants Citimortgage, Inc. and Federal Home Loan Mortgage Corporation to challenge a foreclosure on a home mortgage. Before the Court is Defendants' motion to dismiss [8] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the Court grants the motion [8] without prejudice. Plaintiff is given one final opportunity to amend her pleadings by November 24, 2015 and should pay close attention to the guidance in this order, as well as the Court's prior orders, in considering whether an amended complaint might be plausible.

**I.  Background**

This is the second federal lawsuit that Plaintiff has initiated against Defendants based on their foreclosure of a mortgage on real property located at 18410 River Road in Hazel Crest, Illinois. The first case was brought *pro se* on October 1, 2014 and assigned case number 14-cv-7652. In that case, Plaintiff filed an application for leave to proceed *in forma pauperis*. The Court denied the application, without prejudice, on the basis that Plaintiff's application was incomplete. The Court ordered Plaintiff to file a new and complete application or to pay the

$400 filing fee within 30 days. The Court also encouraged Plaintiff to amend her complaint to "clarify the basis for subject matter jurisdiction," because it was "not clear from the Court's initial review that jurisdiction exists." [5] at 1 (Case No. 14-cv-7652). The Court explained that although Plaintiff's civil cover sheet indicated that there was federal question jurisdiction, the complaint did not "contain factual allegations that establish that the lawsuit arises under federal law." *Id.* at 2. Instead, it appeared that "Plaintiff's claims arise from Defendants' foreclosure of a mortgage," and generally, such actions are "'proper for state court determination, not federal court.'" *Id.* (quoting *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985)).

Plaintiff submitted a revised application for leave to proceed *in forma pauperis* on November 5, 2014, but did not fill out the application completely. Plaintiff also did not "revise her complaint to explain the basis for federal jurisdiction, as the Court suggested previously." [13] at 2 (Case No. 14-cv-7652). The Court dismissed Plaintiff's complaint without prejudice and advised Plaintiff that if she believed she had a valid claim that may be heard in federal district court, she could file a new action. *Id.* The case was closed on November 20, 2014. On January 22, 2015, Plaintiff filed an amended complaint in Case No. 14-cv-7652. The Court ordered Plaintiff to file a new action if she wished to proceed, given that the new filings were not made until two months after the case was closed. [18] (Case No. 14-cv-7652).

Plaintiff filed her complaint in the instant case (Case No. 15-cv-1784) on February 27, 2015. It appears to be the same complaint she previously filed in Case No. 14-cv-7652, and is not divided into sections or counts. On her civil cover sheet, Plaintiff has checked the box indicating that this is a "complaint under the Constitution ('Bivens' Action), Title 28 Section 1331 U.S. Code." [1] at 1. Plaintiff alleges in the body of the complaint that she "has a right under the First and Fifth and Fourteenth Amendments to the United States Constitution to bring

2

this action." *Id.* at 5. According to Plaintiff, "before filing the present action," she had title to and possession of real property located at 18410 River Road in Hazel Crest, Illinois. *Id.* There was a mortgage on the property. The mortgage was transferred to and deposited in a trust pursuant to a pooling and servicing agreement ("PSA") dated April 1, 2013. The trust closed. The trust later foreclosed on the mortgage. Plaintiff argues that the trust lacked standing to foreclose on the mortgage because the transfer did not comply with the PSA and "a transfer not in compliance with a trust's document is void" pursuant to "New York trust law." *Id.* Plaintiff requests as relief that the Court quiet title to the property. *Id.* at 6.

Along with her new complaint, Plaintiff also filed a new motion for leave to proceed *in forma pauperis* [4], which the Court granted [5]. In its order, the Court encouraged Plaintiff to amend her complaint by April 5, 2015, to address several potential problems with her pleadings. The Court explained that the *Rooker-Feldman* doctrine would prevent the Court from exercising subject matter jurisdiction over Plaintiff's complaint, assuming that an Illinois state court entered a final judgment on the merits confirming the sale of Plaintiff's home before Plaintiff filed the instant lawsuit in federal court. [5] at 2-3. The Court further explained that, assuming Plaintiff's complaint is not foreclosed by the *Rooker-Feldman* doctrine, Plaintiff's complaint may be subject to dismissal based on *res judicata* and/or a lack of standing to enforce the PSA. *Id.* at 3. The Court informed Plaintiff that if she did not seek to amend her complaint by April 5, 2015, the Court would assume that Plaintiff wishes to stand of the current complaint. Plaintiff did not amend her complaint.

Defendants have now moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1), (b)(6). Under Rule 12(b)(1), Defendants argue that the Court has been divested of subject matter jurisdiction

3

pursuant to the *Rooker-Feldman* doctrine because the Cook County, Illinois Circuit Court already approved the foreclosure which Plaintiff challenges. Alternatively, Defendants move pursuant to Rule 12(b)(6) to dismiss the complaint on the basis that it is barred by the doctrine of *res judicata*. Also alternatively, Defendants argue that the complaint should be dismissed under Rule 12(b)(6) for failing to conform with Rule 8(a)(2), which requires that pleadings in federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff was given an opportunity to file a brief in opposition to Defendants' motion to dismiss but declined to do so.

## II. Analysis

### A. Forfeiture

"When presented with a motion to dismiss, the non-moving party must provide some legal basis to support [its] claims." *Martin v. City of Chicago*, 2014 WL 4947674, at *2 (N.D. Ill. Sept. 30, 2014). Plaintiff has forfeited her claims by failing to respond to Defendants' motion to dismiss. See *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss * * * she forfeited her right to continue litigating her claim"); *Martin*, 2014 WL 4947674 at *2 ("A plaintiff may forfeit his or her right to continue litigating their claims by not responding to a motion to dismiss."). Nevertheless, to aid the parties—and *pro se* Plaintiff in particular—the Court explains an additional basis on which Plaintiff's complaint is subject to dismissal.

### B. Subject Matter Jurisdiction

#### 1. Legal Standard

Federal courts are courts of limited jurisdiction, with only "the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001) (internal citation and quotation

4

marks omitted). In order to state a claim for relief, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Transit Express*, 246 F.3d at 1023. Where, as here, a plaintiff is proceeding *pro se*, the Court liberally construes the complaint. *Gould v. Schneider*, 448 F. App'x 615, 618 (7th Cir. 2011). The Court accepts as true all well-plead factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). The Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.*

"One component of federal question jurisdiction is 'substantiality,'" which is determined by reviewing "the face of the complaint." *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069 (7th Cir. 2005) (quoting *Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1256 (7th Cir. 1994); *Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1180–81 (7th Cir. 1989)). The "determination of whether the merits of a complaint are sufficiently substantial is a threshold question which must be addressed by a district court before it can exercise jurisdiction and proceed to the legal determination under Fed. R. Civ. P. 12(b)(6) of whether the complaint states a claim." *Ricketts*, 874 F.2d at 1180. If the plaintiff's jurisdictional allegations are "immaterial to the true thrust of the complaint and thus made solely for the purpose of obtaining jurisdiction," or if the federal claim is "wholly insubstantial and frivolous," then "the court does not have the power to decide the case" and must dismiss the complaint for lack of subject matter jurisdiction. *Greater Chicago Combine & Ctr.*, 431 F.3d at 1069.

An argument that the *Rooker-Feldman* doctrine applies is considered a challenge to the Court's subject matter jurisdiction. When *Rooker-Feldman* is applicable, the proper remedy is "an order under [Rule] 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction." *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004).

## 2. Analysis

The Court concludes that, although it would have subject matter jurisdiction over properly plead causes of action involving Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), Plaintiff's alleged claims are wholly insubstantial and must be dismissed based on the Court's threshold review of the complaint. *Ricketts*, 874 F.2d at 1180. The Court need not reach Defendants' argument that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine or their arguments for dismissal under Rule 12(b)(6).

One of the two Defendants in this case is the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Freddie Mac was created by the federal government in 1970. See *Fannie Mae v. Hamer*, 2013 WL 591979, at *3 (N.D. Ill. Feb. 13, 2013), *aff'd sub nom. DeKalb Cnty. v. Fed. Hous. Fin. Agency*, 741 F.3d 795 (7th Cir. 2013). The charter creating Freddie Mac provides that, "[n]otwithstanding section 1349 of Title 28 or any other provision of law * * * all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value." 12 U.S.C. § 1452(f). By this "plain language of Freddie Mac's charter, this court has original jurisdiction over any civil action to which Freddie Mac is a party notwithstanding any other provision of law." *Fannie Mae*, 2013 WL 591979 at *3 (holding that the federal Tax Injunction Act—which limits district court jurisdiction over local collection of taxes—did not deprive the court of jurisdiction over Freddie Mac, because 12

U.S.C. § 1452(f) gave the court jurisdiction "notwithstanding * * * any other provision of law"). Defendant Citimortgage is part of the same "civil action" that Plaintiff asserts against Defendant Freddie Mac. The plain language of section 1452(f) gives the Court jurisdiction over the entire action, not just the claims against Freddie Mac.

But that is not the end of the Court's analysis of subject matter jurisdiction. Although section 1452(f) vests the federal courts with jurisdiction over all causes of action to which Freddie Mac is a party, Plaintiff does not and cannot rely on section 1452(f) as an independent source of rights. Cf. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." (quoting *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617 (1979)) (internal quotation marks omitted))). Instead, Plaintiff must allege that her rights under some other source of law have been violated.

Plaintiff indicates on the civil cover sheet that this is a "complaint under the Constitution ('*Bivens*' Action), Title 28 Section 1331 U.S. Code." [1] at 1. However, the complaint does not allege any facts suggesting that this is the true nature of Plaintiff's claim. A *Bivens* action is "an implied private action for damages against *federal officers* alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971)) (emphasis added). A *Bivens* action cannot be maintained against federal agencies, *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994), or against "private entities acting under color of federal law." *Corr. Servs. Corp.*, 534 U.S. at 66. In this case, Plaintiff does not allege that either Defendant is a federal officer or is acting under color of federal law. Instead, both Defendants are corporations, which are not subject to *Bivens* actions.

7

In the body of the complaint, Plaintiff challenges the foreclosure on the 18410 River Road property and alleges that she has "a right under the First and Fifth and Fourteenth Amendments to the US Constitution to bring this action." [1] at 5. However, Plaintiff does not allege—either directly or through fact pleading—that Defendants have violated any of her rights under the First, Fifth or Fourteenth amendments. For instance, Plaintiff does not allege when, how, or from whom she obtained title to or possession of the property. Plaintiff does not allege that she had a mortgage on the property or that she was related in any way to anyone who did have a mortgage on the property. Plaintiff does not allege that Defendants held the mortgage that was foreclosed on. Plaintiff does not allege that she has been evicted from the property or deprived of any rights she has in the property.

Apart from omitting these very basis facts, Plaintiff does not allege that either Defendant is a government actor that would be subject to a claim for violations of the First, Fifth, or Fourteenth Amendment. These amendments "protect[] citizens from conduct by the government, but *not* by conduct by private actors, no matter how egregious that conduct might be." *Whitney v. Window to the World Commc'ns, Inc.*, 837 F. Supp. 2d 854, 856 (N.D. Ill. 2011) (quoting *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 815 (7th Cir.2009)) (internal quotation marks omitted; emphasis added). See also *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701 (7th Cir. 2002) (explaining that the due process clause does not require "the State to protect the life, liberty, and property of its citizens against invasion by private actors"). In reaching this conclusion, the Court recognizes that Freddie Mac was chartered by the federal government. However, this is insufficient, in and of itself, to transform Freddie Mac into a government actor. All of the federal courts to address the issue have held that Freddie Mac is not a government actor and, therefore, cannot be held liable for violating a

plaintiff's constitutional rights, and the Supreme Court recently denied a petition for writ of certiorari on this issue. See *Fed. Home Loan Mortgage Corp. v. Gaines*, 589 F. App'x 314, 316 (6th Cir. 2014) ("Constitutional claims require state action. The dispositive issue in the present case is whether Freddie Mac is a state actor. If so, then the foreclosure was required to comply with constitutional due process. However, we hold that Freddie Mac is not a state actor. Accordingly, the foreclosure did not violate the Fifth Amendment."), *cert. denied*, 135 S. Ct. 1887 (2015); *Am. Bankers Mortgage Corp. v. Fed. Home Loan Mortgage Corp.*, 75 F.3d 1401, 1409 (9th Cir. 1996) ("Freddie Mac is not a government agency subject to the Fifth Amendment's Due Process Clause."); *Syriani v. Freddie Mac Multiclass Certificates, Series 3365*, 2012 WL 6200251, at *4 (C.D. Cal. July 10, 2012) (holding that Freddie Mac is not a government actor even though "the Federal Housing Finance Agency, a federal agency, became Freddie Mac's conservator in 2008"); *Liberty Mortgage Banking, Ltd. v. Fed. Home Loan Mortgage Corp.*, 822 F. Supp. 956 (E.D.N.Y. 1993) (holding that Freddie Mac's termination of a mortgage seller/servicer was not "state action," because Freddie Mac is essentially a private entity and the federal government in no way compelled Freddie Mac's action). Cf. *Herron v. Fannie Mae*, 857 F. Supp. 2d 87 (D.D.C. 2012) (holding that Fannie Mae, Freddie Mac's sister corporation, did not become a federal actor due to being placed under conservatorship of the Federal Housing Finance Agency and, therefore, could not be subject to *Bivens* claims alleging First Amendment violations).[1]

---

[1] In a different but related context, the District Court for the Northern District of Indiana recently held that Freddie Mac's sister corporation, Fannie Mae, is not a "government entity." *Green Tree Servicing, LLC v. Damron*, 2013 WL 5570219, at *2 (N.D. Ind. Oct. 9, 2013), *aff'd*, 557 F. App'x 588 (7th Cir. 2014). The issue in that case was whether the defendant could remove to federal court a foreclosure action, brought against her in state court by Green Tree and Fannie Mae, on the basis that Fannie Mae is a "government entity" subject to the federal courts' jurisdiction. Fannie Mae's charter (unlike Freddie Mac's) "does not provide a source of federal jurisdiction." *Green Tree Servicing*, 2013 WL 5570219 at *2. The district court found that "the inclusion of Fannie Mae in an action doesn't confer federal

In addition to her constitutional claims, Plaintiff alleges that Defendants have violated "New York trust law" by transferring the mortgage in a manner that did not comply with the PSA. Plaintiff cites specifically to "I.R.C. 860G 28 USC." [1] at 5. However, the Court is unable to find any state or federal statute or regulation that matches this citation. The closest match appears to be 26 U.S.C. § 860G, which is a provision of the Internal Revenue Code that applies to real estate mortgage investment conduits. This provision has no apparent relevance to the instant case and does not provide Plaintiff with a cause of action.

In short, all of the claims asserted in Plaintiff's complaint are "wholly insubstantial" and therefore insufficient to vest this court with subject matter jurisdiction. *Greater Chicago Combine & Ctr.*, 431 F.3d at 1069. Plaintiff's complaint must, therefore, be dismissed. See, *e.g.*, *Ricketts*, 874 F.2d at 1185 (dismissing complaint for lack of subject matter jurisdiction upon threshold review, where the "allegations did not provide any facts, inferentially or otherwise, that would suggest that [the plaintiff] had a colorable claim" under the Federal Tort Claims Act and where the "other jurisdictional allegations, that [the defendant's] acts violated the 'U.S. Code General Index for Insurance, Contracts, Real Estate Fraud & Fraud, and Torts and Social Security'" were "wholly insubstantial and frivolous"); *Sturdivant v. Select Portfolio Servicing, Inc.*, 602 F. App'x 351, 351-52 (7th Cir. 2015) (affirming dismissal of plaintiff's § 1983 claim against defendants as "wholly insubstantial and frivolous," where plaintiff alleged that defendants violated the U.S. Constitution by foreclosing on plaintiff's mortgage but failed to offer "any explanation whatsoever of how the defendants, both private parties, engaged in state

---

jurisdiction on its own," that "the appointment of the FHFA as conservator doesn't transform Fannie Mae into a government entity," and that "mortgage foreclosure [is] proper for state court determination, not federal court." *Id.* (internal citations and quotation marks omitted). The Seventh Circuit affirmed the district court's order but did not review its holding concerning whether Fannie Mae is a government entity.

action" and failed to show that the other "means by which a private party might" engage in state action was "remotely relevant to her lawsuit").

## III. Conclusion

For the reasons set forth above, the Court grants Defendants' motion to dismiss [8] and dismisses Plaintiff's complaint without prejudice. If, in light of this order, Plaintiff believes that she has a valid claim against Defendants, she may amend her complaint by November 24, 2015. Plaintiff should keep in mind the Court's previous guidance [5] concerning the Rooker-Feldman doctrine and the doctrine of *res judicata*, which may bar Plaintiff from challenging the foreclosure of the mortgage on 18410 River Road.

Additionally, both parties should keep in mind for any future filings that they need to explain to the Court the relationship, if any, that exists between Plaintiff and Felix Stallings, Jr., who was the defendant in the state court foreclosure action involving 18410 River Road. The Court cannot rule on the application of *Rooker-Feldman* and *res judicata* without this information. Generally speaking, the "*Rooker-Feldman* doctrine does not defeat federal jurisdiction when a nonparty brings the action, even though decision may involve matters inextricably intertwined with a state judgment." 18B Fed. Prac. & Proc. Juris. § 4469.1 (2d ed.). While Plaintiff's action likely would be barred by *Rooker-Feldman* if she claimed her interest in the property through Stallings, neither party has suggested that this is the case here. Cf. *Amaya v. Pitner*, 130 Fed. Appx. 25, 26 (2005) (rejecting plaintiff's argument that her federal lawsuit challenging a mortgage foreclosure was not barred by *Rooker-Feldman* because she was not a party to the state court foreclosure action, where plaintiff "does not claim title independent of [the defendant in the state foreclosure action,] only through him," and "the state court foreclosure judgment vested [the state court defendant's] title in the bank"). The Court also needs to know

11

the relationship between Plaintiff and Stallings to assess whether they are privies such that the judgment against Stallings would bar Plaintiff's claims under the doctrine of *res judicata*. See *Simonsen v. Chicago Bd. of Educ.*, 115 F. App'x 887, 889 (7th Cir. 2004) ("Under Illinois law, in order for res judicata to apply to [the plaintiff's] federal claims, the following three requirements must be satisfied: (1) the state-court decision must have involved the same parties or their privies; (2) the state-court decision must have constituted the same cause of action as the current claims; and (3) the state court must have reached a final judgment on the merits.").

Dated: October 23, 2015

United States District Judge